**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDY A. GARCIA PINTO, | No. 12-72418 |
| Petitioner, | Agency No. A073-934-442 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Rudy A. Garcia Pinto, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen, and review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional claims.  *Mohammed v. Gonzales,* 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

In his opening brief, Garcia Pinto fails to raise, and therefore has waived, any challenge to the BIA's dispositive determination that he failed to demonstrate the due diligence required for equitable tolling of the filing deadline for his untimely motion to reopen.  *See Rizk v. Holder,* 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in a petitioner's opening brief are deemed waived).

Garcia Pinto's contention that the BIA issued a streamlined decision in violation of due process is belied by the record.

We lack jurisdiction to consider Garcia Pinto's contention that he received ineffective assistance of counsel from the attorney who prepared his motion to reopen because Garcia Pinto failed to raise this contention before the BIA.  *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004); *see also Puga v. Chertoff,* 488 F.3d 812, 815-816 (9th Cir. 2007) (indicating that ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA).

In light of our disposition, we do not reach Garcia Pinto's contentions concerning his prima facie eligibility for adjustment of status, asylum, and related relief.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**